IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:06-CR-00087-RJC

| | |
|---|---|
| USA | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| LARRY DUNLAP FRAZIER | ) |
| | ) |

**THIS MATTER** is before the Court on the defendant's Motion to Dismiss Indictment Under Rule 33 Newly Discovered Evidence. (Doc. No. 224).

The defendant alleges that the filed plea agreement was not the one he signed as evidenced by the use of female pronouns in the document.[1]  Rule 33(a) of the Federal Rules of Criminal Procedure allows a court to vacate a judgment and grant a new trial if the interest of justice so requires.  However, a motion based on a claim of newly discovered evidence must be filed within three years of the verdict or finding of guilty. Fed. R. Crim. P. 33(b)(1).  Here, a magistrate accepted the defendant's guilty plea was on August 16, 2006, (Doc. No. 63: Acceptance and Entry of Guilty Plea), and this Court sentenced him on November 27, 2007, (Doc. No. 131: Judgment).  Therefore, his claim under Rule 33 is untimely.  Even if the Court were to consider the merits of the defendant's motion, the proffered evidence is not "new."  The disputed plea agreement has been publically filed since August 2006. (Doc. No. 58).

**IT IS, THEREFORE, ORDERED** that the defendant's motion to dismiss, (Doc. No. 224), is **DENIED**.

Signed: December 9, 2015

Robert J. Conrad, Jr.
United States District Judge

---

[1]  The plea agreement uses both male and female pronouns, even in the same paragraph. (See e.g. Doc. No. 58 at ¶ 5).